IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 16-CR-00087-KD-C |
| ) | |
| BRANDON WAYNE BULLOCK, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on Defendant Brandon Wayne Bullock's pro se Motion to Disqualify Assistant United States Attorneys (Doc. 188) and a Memorandum in Support (Doc. 189).[1] Bullock pled guilty to conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A). This Court, in November 2016, sentenced him to 120 months of prison, followed by five years of supervised release. (Doc. 139). Bullock appealed. (Doc. 143 (Notice of Appeal)). However, the Eleventh Circuit granted Bullock's appellate counsel's Anders motion, Anders v. California, 386 U.S. 738 (1967), meaning that it concurred in his counsel's judgment that the direct appeal presented "no arguable issues of merit . . . ." (Doc. 169 (Eleventh Circuit Opinion) at 2); United States v. Bullock, 694 F. App'x 767 (11th Cir. 2017). The mandate issued in September 2017. (Doc. 170). Bullock has not filed a habeas petition. Almost two years after the Eleventh Circuit opinion was issued, Bullock now moves to disqualify four Assistant United States Attorneys, two of whom were AUSAs of record in his case.

**I. BULLOCK'S ARGUMENT**

---

[1] As a result of Bullock's pro se status, the Court construes his motion liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Bullock requests that the Court issue a show cause order as to why four AUSAs should not be disqualified from this long-closed criminal case. Bullock—through a series of Freedom of Information Act requests—attempted to uncover whether the AUSAs took the "mandated Congressional . . . oath of office to proceed before the bar of this court . . . ." (Doc. 188 at 2). After receiving replies to his FOIA requests, he contends that the AUSAs did not take the requisite oath. As a result, he argues their actions "constitute[d] fraud upon the [C]ourt . . . ." (Doc. 188 at 3). Bullock does not cite a statute or procedural rule under which he can seek relief. (Instead, the statutes Bullock cited relate primarily to the oath of office. See (Doc. 188 at 2–3 (citing 5 U.S.C. § 3331–33)). In his motion, he states that the allegedly unauthorized actions "bring into question the validity of the entire proceedings, rendering [his criminal proceedings] null and void . . . ." (Doc. 188 at 2). He seeks "all else this court deems just, equitable and proper under these circumstance." (Doc. 189 at 14).

## II.  ANALYSIS

Because his direct appeal concluded approximately two years ago, and because this motion appears to allege that his prior criminal proceedings (and thus conviction) are void, the Court finds Bullock's petition should be construed as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. Section 2255(a) provides that

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Even though Bullock does not explicitly cite § 2255 or state that he seeks habeas relief, Courts "must look must look beyond the labels of motions filed by pro se inmates to interpret them

under whatever statute would provide relief." Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000) (per curiam).

As a result of this construal, the Court is obliged to advise Bullock that it intends to proceed in this manner. This advisement includes the following: (1) the Court intends to recharacterize the motion as a § 2255 petition; (2) this recharacterization "means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions," Castro v. United States, 540 U.S. 375, 383 (2003); and (3) Bullock has an opportunity to either withdraw his present motion or amend it to contain all of his § 2255 claims before the deadline set out below. See United States v. Florence, 766 F. App'x 864, 867 (11th Cir. 2019) (unpublished).[2]

## III. CONCLUSION

After considering this Order, Bullock shall advise the Court whether he seeks to do one of the following on or before **August 27, 2019**:

1) Proceed before the Court pursuant to 28 U.S.C. § 2255 on the claim presented in the current motion and memorandum in support;

2) Amend his motion to assert any additional claims pursuant to 28 U.S.C. § 2255; or

3) Withdraw his motion.

Failure to timely respond in compliance with this Order shall result in it proceeding as an action under 28 U.S.C. § 2255.

The Clerk shall forward Bullock a copy of this Order at his updated address of record.[3]

---

[2] The Court notes that if Bullock elects to proceed under § 2255, he should know that "A 1-year period of limitation shall apply to a motion under th[at] section." 28 U.S.C. § 2255(f)(1).
[3] See Doc. 190.

**DONE** the 6th day of August 2019.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**